IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-00133-BO

**Jasma McNeil**, Administratrix of the Estate of Brenda Johnson,

    Plaintiff,

v.

**James Glasco, Glasco Trucking, LLC, and K. L. Breeden & Sons, LLC**,

    Defendants.

**Order**

    Plaintiff Jasma McNeil is the Administratrix of the Estate of Brenda Johnson. Johnson died after a tractor trailer driven by Defendant James Glasco hit the car in which Johnson was a passenger. McNeil claims, among other things, that Glasco's distracted driving caused the crash.

    As part of discovery, McNeal asked Glasco to produce his cell phone records from June 2019 to the start of September 2019. Glasco objected to the request but said that he would cooperate with attempts to obtain his records for the day of the crash.

    McNeil then served T-Mobile, Glasco's cell provider, with a subpoena. The subpoena sought for Glasco's cell phone records, including text messages and phone calls, from the beginning of 2019 through October 1, 2019. Subpoena, D.E. 22–1 at 1.

    As he did with the request for production, Glasco objected to the subpoena. He claims that his cell phone records are not relevant other than on the day of the crash. He also maintains that he has "a right to privacy in his cell phone records[.]" Mem. in Supp. at 4. After being unable to resolve this issue with McNeil, he asked the court to quash the subpoena and issue a protective

order limiting the subpoena's scope to the day of the crash. Mot. to Quash & for Protective Order, D.E. 22.

In response, McNeil argues that the records are relevant.. She maintains that if Glasco regularly broke the law by using his phone while driving, it would establish willful or wanton conduct that supports her request for punitive damages. And, according to McNeil, if Glasco was texting while driving, it could show gross negligence on his part, thus defeating the defense of contributory negligence. *See* Resp. to Mot. to Quash, D.E. 23 at 5; Complaint, D.E. 1 at 4; Answer, D.E. 9 at 5.

After reviewing the parties' arguments, the court will grant the motion in part and deny it in part. The court will not modify the temporal scope of the subpoena, but it will limit the content McNeil may obtain to non-content information.

The Federal Rules allow parties to "obtain discovery regarding any unprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Many of the discovery tools are geared towards obtaining documents and information from another party. *See id.* 33, 34, 36. But if a party wants to get documents from a non-party, they must use a subpoena. *Id.* 34(c), 45(a)(1)(C), 45(a)(1)(D).

Like with other forms of discovery, disputes may arise over the propriety of a subpoena. When this occurs, the Rules provide the court with the authority to quash or modify a subpoena. *Id.* 45(d)(3). At times the rule requires the court to exercise this authority. *Id.* 45(d)(3)(A). Among those circumstances are when a subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." *Id.* 45(d)(3)(A)(iii), (iv). At other times a court has discretion whether to quash or modify a subpoena. *Id.* 45(d)(3)(B). But none of those circumstances are present here. Whichever standard the court is

2

operating under, the party resisting the subpoena bears the burden of persuasion. *See, e.g.*, *Virginia Dep't of Corr.* v. *Jordan*, 921 F.3d 180, 189 n.2 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 672 (2019).

Along with seeking to quash or modify a subpoena, a party can ask the court to limit a subpoena's scope through a protective order. *Schaaf* v. *Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005). As with all protective orders, the moving party must show that there is good cause to issue the order. *Martin* v. *Bimbo Foods Bakers Distrib., LLC*, 313 F.R.D. 1, 6 (E.D.N.C. 2016).

Glasco has not shown that the records are irrelevant to the claims and defenses in this case. The court agrees with McNeil that some of the information in his cell phone records could impact the issues before the court. So the records are discoverable.

But while information about whether Glasco was talking or texting while driving on other occasions relates to claims and defenses, what he said or texted on days other than the day of the crash does not appear, at least at this point, to be relevant. So for days other than July 5, 2019,[1] the court limits the scope of the subpoena to non-content including, but not limited to, information described in 18 U.S.C. § 2703(c)(2). T-Mobile must not produce the content of any communications from Glasco's cell phone for days other than July 5, 2019.

Although not an issue before the court, it is unclear why McNeil needed to resort to a subpoena to get the requested records. McNeil originally sought these records through a request for production, but Glasco did not produce any records, even the records from the day of the crash

---

[1] Glasco's discovery responses concede the relevance of his cell phone records for the day of the crash. Mem. in Supp. at 2, D.E. 22-2.

that he agrees are relevant. He claimed that he did not have possession of the responsive documents. Resp. in Opp. at 3.

Since McNeil's motion did not raise this issue, the court will not address it further. But the court reminds the parties that the Federal Rules require a party responding to a document request to do more than just produce documents that are readily accessible to it. Instead, the responding party must produce responsive documents "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). The requirement that a party must produce responsive documents within its control means that sometimes the responding party will need to obtain documents from third parties to comply with its discovery obligations. *See Poole ex rel. Elliott* v. *Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000) (explaining that a document is within a party's control "[a]s long as the party has the legal right or ability to obtain the documents from another source on demand[.]").

So, for the reasons stated above, the court grants Glasco's motion in part and denies it in part. D.E. 21. The court orders that for days other than July 5, 2019, the scope of the subpoena is restricted to non-content including, but not limited to, information described in 18 U.S.C. § 2703(c)(2).

This order does not address whether the Stored Communications Act or other federal laws restrict T-Mobile's ability to produce the information sought by the subpoena. Instead, it only addresses the scope of information that T-Mobile ultimately produces.

McNeil must serve a copy of this order on T-Mobile in the same manner she served the subpoena. Service must occur no later than two days after the entry of this order.

4

Each party will bear their own costs.

Dated: March 29, 2021

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge