IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-133-BO

| | |
|---|---|
| JASMA MCNEIL, Administratrix of the Estate of Brenda Johnson,<br>                      Plaintiff,<br><br>v.<br><br>JAMES A. GLASCO, GLASCO TRUCKING, LLC, and K.L. BREEDEN & SONS, LLC,<br>                      Defendants. | ORDER |

This cause comes before the Court on defendants' motion for summary judgment on the issue of punitive damages. Plaintiff has responded, defendants have replied, and the matter is ripe for ruling. For the reasons that follow, defendants' motion is granted.

## BACKGROUND

Plaintiff filed this diversity action for wrongful death pursuant to N.C. Gen. Stat. § 28A-18-2 on July 15, 2020. In her complaint, plaintiff alleges claims under North Carolina law for negligence, vicarious liability of Glasco Trucking, and vicarious liability of K.L. Breeden & Sons. Plaintiff requests compensatory damages, pre and post-judgment interest, and all other relief, both legal and equitable, which the Court deems just and proper. [DE 1].

The facts and allegations supporting plaintiff's complaint and appearing in the summary judgment record can be summarized as follows. On the evening of July 5, 2019, the decedent Brenda Johnson (Ms. Johnson) was travelling in the front passenger seat of her 1996 Chevrolet Impala which was being driven by her long-time partner Jeffrey Rogers (Mr. Rogers). Ms. Johnson and Mr. Rogers were travelling home to Red Springs, North Carolina from Dunn, North Carolina

where they had spent the day at a baseball tournament. They were driving south on I-95 near Exit 49 at approximately 9:15 p.m. Ms. Johnson's car was travelling in the right lane at a low rate of speed[1] relative to the posted speed limit of seventy miles per hour due to mechanical problems. At approximately 9:17 p.m., defendant Glasco drove a 2014 Volvo tractor trailer rig into the rear of Ms. Johnson's car. The tractor trailer was travelling at approximately seventy miles per hour when it struck Ms. Johnson's car. After the collision, Ms. Johnson's car left the roadway, rolled multiple times, struck a tree, and caught on fire. Ms. Johnson died of her injuries at the scene.

Defendants seek entry of summary judgment in their favor on any request for punitive damages by plaintiff. Defendants contend first that plaintiff has failed to properly plead a request for punitive damages. Defendants further contend plaintiff has no evidence of factors which could support an award of punitive damages in this context. In response, plaintiff has conceded that punitive damages are not available against defendant K.L. Breeden & Sons but asks that the Court deny defendants' motion as to the remaining defendants.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court

---

[1] The record is conflicted about the actual rate of speed, but viewing the evidence in the light most favorable to plaintiff Ms. Johnson's car was travelling at approximately thirty-five miles per hour.

2

views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

In order to demonstrate that punitive damages should be awarded, a plaintiff "must show that defendant's established negligence which proximately caused his injury reached a higher level than ordinary negligence; that it amounted to wantonness, willfulness, or evidenced a reckless indifference to the consequences of the act." *Eatmon v. Andrews*, 161 N.C. App. 536, 538 (2003) (quoting *Moose v. Nissan of Statesville*, 115 N.C.App. 423, 428 (1994)). "In actions involving motor vehicle accidents, this 'higher level than ordinary negligence' (hereinafter 'gross negligence') [may] be established 'where at least one of three rather dynamic factors is present: (1) defendant is intoxicated; (2) defendant is driving at excessive speeds; or (3) defendant is engaged in a racing competition" *Byrd v. Adams*, 152 N.C. App. 460, 462 (2002) (internal alterations omitted) (quoting *Yancey v. Lea*, 354 N.C. 48, 53-54 (2001)).

North Carolina requires that in pleading special matters, any "demand for punitive damages shall be specifically stated, except for the amount, and the aggravating factor that supports the award of punitive damages shall be averred with particularity." N.C. Gen. Stat. § 1A-1, Rule 9(k). Plaintiff's complaint is devoid of any reference to punitive damages or any allegation of wanton

3

or willful conduct or a reckless indifference to the consequences of any negligent act which would support a request for punitive damages.

Requesting punitive damages under North Carolina law is a pleading standard, and thus the fact that plaintiff recited punitive damages in responses to interrogatories and initial disclosures is not sufficient to allow any request for such to proceed. Where there has been a failure in the complaint to request punitive damages, and there are further no allegations of any aggravating factors which could support an award of punitive damages, it would be improper to submit the issue to a jury. *Wiley v. L3 Communs. Vertex Aero., LLC*, 251 N.C. App. 354, 367 (2016).

Because the Court finds that plaintiff has failed to allege a claim for punitive damages, it need not reach defendants' second argument that the facts and circumstances of this case, specifically plaintiff's evidence that defendant Glasco was distracted while driving, do not give rise to an award of punitive damages.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion for summary judgment on the issue of punitive damages only [DE 27] is GRANTED. The clerk is DIRECTED to refer this matter to the appropriate United States Magistrate Judge for scheduling of pretrial conference.

SO ORDERED, this __ day of October, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE